1
2
3
4
5
6
7
8

## UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11   FOSTER RICH,                                    CASE NO. 09 CV 0652 MMA (BGS)

12                                   Plaintiff,      **ORDER DENYING PLAINTIFF'S**
                                                     **MOTION FOR**
13            vs.                                    **RECONSIDERATION AND**
                                                     **CLARIFICATION**
14   RALPH W. SHRADER, et al.,
                                                     [Doc. No. 37]
15                                   Defendants.

16        Currently before the Court is Plaintiff Foster Rich's motion for reconsideration and

17   clarification of the Court's order dismissing his First Amended Complaint.  [Doc. No. 37.]

18   Defendants opposed Plaintiff's motion, and Plaintiff filed a reply.  [Doc. Nos. 41, 42.]  The Court

19   in its discretion determined Plaintiff's motion is suitable for a decision on the papers and without

20   oral argument pursuant to Civil Local Rule 7.1(d)(1).  For the following reasons, the Court

21   **DENIES** Plaintiff's motion.

22                      <u>**BACKGROUND & PROCEDURAL POSTURE**</u>

23        The Court detailed the events giving rise to this action in its previous memorandum order

24   granting Defendants' motion to dismiss Plaintiff's First Amended Complaint ("FAC").  [Doc. No.

25   36.]  That section of the Court's September 17, 2010 Order is incorporated by reference herein.

26        The Court's September 17 Order ultimately dismissed each of Plaintiff's causes of action

27   for failure to state a claim upon which relief could be granted.  The Court explicitly dismissed

28

three claims *with* prejudice, which it determined were governed by the *Nemec* decision:[1] (i) breach of implied covenant of good faith and fair dealing (count 3); (ii) breach of fiduciary duty (count 4); and (iii) unjust enrichment (count 5).  The Court dismissed the remainder of Plaintiff's claims *without* prejudice, including: (i) breach of contract (count 8); (ii) tortious interference with contract (count 7); (iii) RICO violations (count 1); (iv) RICO conspiracy (count 2); (v) securities fraud under federal law (count 6); and (vi) securities fraud under California law (count 9).

Plaintiff requests that the Court utilize its inherent authority under Federal Rule of Civil Procedure 54(b) to modify and amend its September 17 Order to clarify four aspects of the opinion, and thereby advise Plaintiff which claims and allegations he may assert in his Second Amended Complaint.  [Doc. No. 37.]  Plaintiff desires clarification and amendment "to avoid any argument by defendants that the Court's September 17 Order has now finalized the four enumerated matters as 'law of the case' on the grounds that a motion for reconsideration was not filed by Plaintiff."  [*Id.* at p.7.]  Specifically, Plaintiff requests the Court amend its Order to state the following:

    (i)    The Court's dismissal of Plaintiff's state-based claims for breach of implied covenant of good faith and fair dealing, breach of fiduciary duty, and unjust enrichment with prejudice, does not foreclose Plaintiff from alleging violations of ERISA under federal common law in his Second Amended Complaint;

    (ii)    Plaintiff is permitted to plead contractual consequential damages in his Second Amended Complaint;

    (iii)    The *Nemec* decision does not estop Plaintiff from pleading any facts; and

    (iv)    Plaintiff may plead that the information as to the reversal of defendants' policies requesting "split up and sale" was material.  [Doc. No. 37, p.2-3.]

Defendants oppose any amendment to the existing Order.  [Doc. No. 41.]

/ / /

---

[1] The *Nemec* decision as referenced herein refers to a related case filed in the Court of Chancery of Delaware, specifically, the Supreme Court of Delaware's opinion issued April 6, 2010 affirming the Chancery Court's dismissal of the plaintiffs' complaint for failure to state a claim upon which relief could be granted.  [C.A. No. 3878, *available at Nemec v. Shrader*, 991 A.2d 1120 (Del. 2010).]

## LEGAL STANDARD

Federal Rule of Civil Procedure 54(b) provides:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Under Rule 54(b), a district court has inherent authority to "reconsider and modify an interlocutory decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of controlling law." *Jadwin v. County of Kern*, 2010 U.S. Dist. LEXIS 30949 *26 (E.D. Cal.) (quoting *Abada v. Charles Schwab & Co., Inc*., 127 F. Supp. 2d 1101, 1102 (S.D. Cal. 2001); *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001)).  "But a court should generally leave a previous decision undisturbed absent a showing that it either represented clear error or would work a manifest injustice." *Jadwin*, 2010 U.S. Dist. LEXIS at *26-27 (quoting *Abada*, 127 F. Supp. 2d at 1102)).  Civil Local Rule 7.1(i) also allows parties to seek reconsideration of an order.

## DISCUSSION

As set forth above, Plaintiff requests the Court modify and amend four aspects of its September 17 Order to clarify which claims and factual allegations Plaintiff may assert in his Second Amended Complaint ("SAC").  Plaintiff's desired relief is problematic for several reasons.

Plaintiff asserts his "sole purpose" for filing the pending motion is to "avoid any argument by defendants that the Court's September 17 Order has now finalized the four enumerated matters as 'law of the case.'"  [Doc. No. 37, p.7.]  While the Court understands Plaintiff's concern, it will not prospectively limit the arguments Defendants may bring if they choose to challenge Plaintiff's SAC.  Further, any amendment or clarification of the September 17 Order is unnecessary, as the Court's discussion clearly and thoroughly identified the scope of Plaintiff's allowable amendments.  The plain language of the Order makes clear that the only claims Plaintiff may not

reassert in an amended pleading are the three Delaware-based claims, which were dismissed with prejudice.  The Court expressly dismissed every other claim without prejudice and with leave to amend.  Consistent with Rule 15(a)'s liberal amendment standard, the Court placed no restriction on Plaintiff's ability to assert new claims, nor did it limit the relevant allegations Plaintiff may assert in support of each claim.

Beyond that however, it is not appropriate for the Court to prospectively advise Plaintiff which hypothetical claims or allegations he may assert in an amended pleading.  The Court's jurisdiction is strictly limited to the case and controversy before it, as defined by the operative pleading.  *See Human Life of Washington, Inc. v. Brumsickle*, 624 F.3d 990, 1000 (9th Cir. 2010) ("the court's role is 'neither to issue advisory opinions nor to declare rights in hypothetical cases'").  In its September 17 Order, the Court thoroughly discussed each of Plaintiff's causes of action that he alleged in his FAC, and explained why each of those claims, as pled, was deficient.  The Court expressed no opinion regarding possible alternative claims or allegations not pled in the FAC.  Although the Court acknowledged numerous new arguments and allegations Plaintiff asserted for the first time in his opposition to Defendants' motion to dismiss, the Court did not analyze nor rule upon the new information that was not contained in the operative pleading.

For example, Plaintiff's FAC asserted state-based claims for breach of fiduciary duty, breach of the implied covenant of good faith and fair dealing, and unjust enrichment.  The Court concluded that as pled, these three causes of action arose under Delaware law because of the choice-of-law provision contained in the Officer's Stock Rights Plan.  Accordingly, the Court evaluated the sufficiency of these claims under Delaware law, consistent with the *Nemec* decision.  [Doc. No. 36, p.13-15.]  The Court did not consider potentially related claims arising from federal law that were not asserted in the FAC, as such an exercise would have exceeded the scope of the case and controversy before the Court.  The Court declines to amend its Order to provide guidance on claims not alleged in the FAC, as it would amount to nothing more than an improper advisory opinion.

In addition, the Court notes Plaintiff has already filed his SAC, which contains federal causes of action for breach of fiduciary duty and breach of the implied covenant of good faith and

09cv652

fair dealing.  [*See* Doc. No. 38.]  While the Court expresses no opinion regarding the sufficiency of these allegations at this stage, the SAC renders Plaintiff's requested relief moot.  The Court defers consideration of the sufficiency of Plaintiff's claims until such time as Defendants challenge the pleading, if they choose to do so.[2]

For the same reasons the Court declines to amend its Order to advise Plaintiff whether he can plead contractual consequential damages or information as to the reversal of defendants' policies requesting "split up and sale" in his SAC.  Nor will the Court amend its Order to advise Plaintiff which facts he may plead in his SAC.  Whether Plaintiff's allegations in his SAC are proper in light of the *Nemec* decision and its application to the present case, is a question not before the Court at this time.

Similarly, reconsideration or clarification of the Court's discussion of materiality in the September 17 Order is not warranted.  Plaintiff challenges the following statement purportedly made by the Court—"An intention to pursue selling a company at some time in the future cannot be material information."  [Doc. No. 37, p.17.]  As Defendants correctly point out, this quoted language does not appear in the Order.  Rather, the Court's Order states, "The 'mere intention' to 'pursue' or an 'unrequited desire' to 'explore' selling the company at some time in the future is not material irrespective of the importance of the restructuring."  [Doc. No. 36, p.31-32 (citations omitted).]  The two statements are significantly different, the latter being a correct statement of the law.  As such, the actual statement made by the Court is necessarily not a finding of fact, which would be inappropriate on a motion to dismiss where Plaintiff's allegations are taken as true.  Accordingly, Plaintiff's request for reconsideration of the above misquoted statement is denied.

Finally, the Court notes the judicial system's strong interest in finality and conservation of judicial resources.  Consistent with this interest, the Court is disinclined to disturb its earlier decision in the absence of evidence that it committed clear error, or that the decision will work a

---

[2] The Court notes both parties spend significant time arguing the propriety and sufficiency of Plaintiff's ERISA claims raised in his pending motion and asserted in his SAC.  However, Plaintiff's pending motion for reconsideration and clarification is not the appropriate avenue to determine the propriety of these previously unasserted claims.  If Defendants desire to challenge the allegations and claims made in Plaintiff's SAC they are entitled to do so in accordance with the Federal and Local Rules of Civil Procedure, and the Court's October 28, 2010 Order [Doc. No. 40].

1  manifest injustice to Plaintiff.  *See Jadwin*, 2010 U.S. Dist. LEXIS at *26-27 (citation omitted).

2  The Court concludes its September 17 Order is clear and correct, reflecting an accurate application

3  of the law to the facts alleged.  Further, because Plaintiff has been given broad leave to amend all

4  but three of his claims, the Court is not convinced its Order is manifestly unjust to Plaintiff.[3]

5  Accordingly, the Court declines to invoke its inherent authority under Rule 54(b) or Local Rule

6  7.1(i) to amend its September 17 Order.

7  **CONCLUSION**

8  For the reasons stated above, the Court **DENIES** Plaintiff's motion for reconsideration and

9  clarification of its September 17, 2010 Order [Doc. No. 36].

10  **IT IS SO ORDERED.**

12  DATED:  January 18, 2011

Hon. Michael M. Anello
United States District Judge

---

28  [3] Plaintiff does not challenge the Court's dismissal of his three Delaware-based causes of action with prejudice.