UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOSTER RICH,<br><br>　　　　　　　　　Plaintiff,<br><br>　v.<br><br>RALPH W. SHRADER, *et al.*,<br><br>　　　　　　　　　Defendant. | Civil No.　09-CV-0652-AJB (BGS)<br><br>**ORDER DETERMINING DISCOVERY DISPUTE** |

On April 8, 2013, counsel for all parties contacted the Court regarding a discovery dispute concerning documents designated as confidential pursuant to the Stipulated Protective Order ("Protective Order") entered by the Court on February 1, 2013. (Doc. No. 89.) In this dispute, Plaintiff seeks to challenge Defendants' designation of two documents as confidential, and, if the documents remain confidential, requests that this Court modify the Protective Order's procedure for sharing confidential documents with potential lay witnesses. On April 17, 2013, the parties submitted a joint motion requesting the Court to settle the discovery dispute and lodged the disputed documents with the Court. (Doc. No. 92.) After reviewing the parties' motion, the Court finds that there is no need for a hearing, and for the reasons below, the Court DENIES Plaintiff's requests to remove the confidential designation from the documents and to modify the protective order.

**Introduction**

In the instant discovery dispute, Plaintiff seeks to both challenge Defendants' designation of the confidentiality of two documents and modify the Protective Order's procedure for sharing confidential documents with potential witnesses. Plaintiff and Defendants jointly submitted the proposed protective order to the Court on January 31, 2013, after they had "met and conferred and reached an agreement on the terms." (Doc. No. 87.) The proposed order was adopted with minor modifications and entered by the Court. (Doc. No. 89.) Plaintiff now challenges Defendants' confidential designation of two document as allowed by Paragraph 7 of the Protective Order. (*Id*. at 3-4.) If the Court determines the documents should remain confidential, Plaintiff then requests that this Court modify the Protective Order as allowed under Paragraph 25. (*Id*. at 10.)

**Confidentiality Designation**

The Court will not remove Defendants' confidentiality designation of the documents Bates-stamped BAH RICH-000089 and BAH RICH-000091 through 000101. Under the Protective Order, parties may designate a document as confidential when the document contains "(i) personal, proprietary, or financial information that is confidential; (ii) trade secret information; (iii) business confidential information or competitively sensitive information; or (iv) other information the Disclosure of which would, in the good faith judgement of the party designating the material as confidential, be detrimental to the conduct of that party's business, the business of any of that party's customers or clients, or the party's economic interests." (*Id*. at 2.) Plaintiff claims that nothing in the two documents, if disclosed, could affect Defendants' business as the document contains no algorithms or formulae. (Doc. No. 92 at 1.) Plaintiff refers to the documents as generic, a summary of the interviews of fifteen co-workers with passing reference to old projects and broad-based and non-specific ways for improving Mr. Rich's performance. (*Id*.)

After reviewing the documents, the Court finds that the documents contain confidential information as defined by the Protective Order and will not remove

Defendant's designation. Both the performance evaluation and the ten-page appraisal contain strategies Booz Allen Hamilton Inc. ("BAH") utilizes to improve its employees' performance and experience. This information, if disseminated, could be used to piece together portions of BAH's proprietary review system and employee development system, which could then be used by competitors to the detriment of BAH in the future. While there is not likely to be anyone who will take an interest in Mr. Rich's performance, there may be those who are interested to find out what projects a BAH employee undertakes, what co-workers an employee is told to interact with, what committees exist within BAH, and how BAH passes on its institutional knowledge to the next generation. Therefore, the documents contain proprietary information and business confidential information or competitively sensitive information as defined under categories (i) and (iii) of Paragraph 3 of the Protective Order.[1]

Further, under category (iv), Defendants do not have to demonstrate that there will be harm before marking a document confidential; they only must make a good faith judgment that Disclosure would be detrimental. Plaintiff suggests that the documents would not be harmful, and while Plaintiff may believe that in good faith, Plaintiff's good faith belief is not sufficient to overcome Defendants' good faith designation. There is no evidence to suggest Defendants acted without good faith.

Additionally, Plaintiff has not offered any evidence or made any argument that suggests Defendant designated the documents as confidential in order to prevent Plaintiff from using the documents for the purposes of litigation. Such an argument would nevertheless fail, however, as Plaintiff's only stated purpose for the documents is to show them to potential witnesses, a use the Protective Order contemplates and allows. Accordingly, the Court agrees with Defendants that the designation of these documents as confidential is proper, and therefore denies Plaintiff's request to de-

---

[1] The Court finds no need, at this time, to determine whether the information contains trade secrets under category (ii).

designate the documents as confidential.

**Protective Order Procedure**

The Court does not find good cause to modify the Protective Order to allow Plaintiff to show confidential documents to potential witnesses without first providing the witnesses with a copy of the Protective Order and having Plaintiff's counsel explain to the potential witnesses the obligations of the Protective Order. The Protective Order allows the Court to modify the terms and conditions of the Order for good cause, in the interest of justice, or on its own order. (Doc. No. 89 at 10.) Plaintiff claims that the Protective Order's requirements for sharing confidential documents with potential witnesses is "of no use unless the third party is a lawyer" because the Protective Order consists of legalese. (Doc. 92 at 2.) Plaintiff, however, appears to confuse the procedure for disclosing documents to expert witnesses with the procedure for disclosing documents to potential lay witnesses.

The Protective Order procedure Plaintiff challenges is the same procedure Plaintiff and Defendant agreed upon and submitted to the Court in their proposed protective order. Plaintiff's motion demonstrates that Plaintiff now misreads the Protective Order. Plaintiff argues that the Protective Order requires potential witnesses to attest that they have read and understood the Protective Order. (Doc. No. 92 at 2.) This procedure, however, is only for expert witnesses and consultants as defined in Paragraph 8(c) of the Protective Order. (Doc. No. 89 at 4.) Paragraph 9 requires expert witnesses or consultants to sign the written agreement, attached to the Protective Order as Exhibit A, before receiving confidential information. (*Id.* at 5.)

Plaintiff, on the other hand, intends to show the confidential documents to lay witnesses. In the motion, Plaintiff states that he wishes to use the documents to "refresh the recollection of any of the 11 former colleagues who are said to have recommended his retirement" in order to allow him to "informally discover material information about his claims." (Doc. No. 92 at 2.) Plaintiff's attempt to gain fact discovery from these witnesses does not demonstrate any intent to designate these

1    potentially witnesses as expert witnesses or consultants.  Therefore, the procedure in
2    Paragraph 9 of the Protective Order does not apply to these witnesses.
3           Instead, Plaintiff should follow the procedure for the disclosure of confidential
4    documents to potential lay witnesses.  Under Paragraph 8(f) of the Protective Order, an
5    attorney may show trial and deposition witnesses, as well as potential witnesses,
6    documents designated as confidential as long as the attorney furnishes the witnesses
7    with a copy of the Protective Order and explains the obligations of the Order.  (Doc.
8    No. 89 at 4-5.)  Under Paragraph 10, the **attorney** must then execute an affirmation for
9    each witness stating that the attorney provided the witness with a copy of the order and
10   explained the witness's obligations.  (*Id*. at 5-6.)  A copy of the affirmation of counsel
11   is attached to the Protective Order as Exhibit B.  (*Id*. at 13.)  The procedure Plaintiff
12   must follow with the witnesses, then, is not the procedure Plaintiff outlined in the
13   motion.  Plaintiff has not provided any reason why Plaintiff's counsel would be unable
14   to advise the potential witnesses of their responsibilities under the Protective Order.
15   Plaintiff has not provided any reason why Plaintiff's counsel cannot be present when
16   Mr. Rich approaches his former colleagues, or why Mr. Rich cannot request that his
17   colleagues meet with his attorney after an initial meeting without the documents.  In
18   sum, Plaintiff has not shown good cause why the Protective Order needs to be
19   modified.
20          Even if Plaintiff attempted to designate the potential witnesses as experts or
21   consultants, Plaintiff could still not establish good cause for modifying the Protective
22   Order.  Although Plaintiff insists that "the time for Mr. Rich to approach his former
23   colleagues is closing quickly," Plaintiff has not shown any effort to actually follow the
24   procedure of the Protective Order under either Paragraphs 9 or 10, or to see if the
25   potential witnesses would understand the language of the Protective Order.  (Doc. 92
26   at 2.)  Additionally, if Plaintiff believes that the Protective Order is full of "legalese"
27   to the point where only attorneys could understand it, then Plaintiff should have written
28   the Proposed Order in simpler terms before it was submitted to the Court.  Plaintiff,

1 who certified to this Court that he agreed with the terms of Protective Order, was fully
2 aware that the Protective Order's procedures called for providing a copy of the
3 Protective Order to experts or consultants and explaining the terms of the Protective
4 Order to lay persons. Without any attempt to follow these procedures, Plaintiff cannot
5 demonstrated good cause and cannot show how circumstances have changed since the
6 Protective Order was originally submitted to justify a modification of the Protective
7 Order.

8 The Court **DENIES** Plaintiff's request to de-designate the documents Bates-
9 stamped BAH RICH-000089 and BAH RICH-000091 through 000101. These
10 documents shall remain designated as confidential. The Court **DENIES** Plaintiff's
11 request to modify the Protective Order.

12 **IT IS SO ORDERED.**

14 DATED: April 29, 2013

**BERNARD G. SKOMAL**
United States Magistrate Judge