UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FOSTER RICH, | ) | Civil No. 09cv652 AJB (BGS) |
| Plaintiff, | ) | ORDER: |
| v. | ) | |
| RALPH W. SHRADER, et al., | ) | 1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO FILE PREVIOUSLY FILED DOCUMENTS UNDER SEAL, (Doc. No. 113); and |
| Defendants. | ) | |
| | ) | 2) GRANTING IN PART AND DENYING IN PART THE JOINT MOTION TO SEAL DOCUMENTS ATTACHED TO PLAINTIFF'S OPPOSITION, (Doc. No. 114). |

Before the Court is Defendants' Motion to Seal Confidential Documents Previous-ly Filed. (Doc. No. 113.)  Defendants seek leave of this Court to seal certain confidential documents attached to Defendants' Motion for Summary Judgment, previously filed on October 3, 2013. (Doc. No. 108)  Moreover, the parties have also jointly filed a Motion to Seal Confidential Documents attached the Plaintiff's Opposition to Summary Judg-ment. (Doc. No. 114.)

**I. BACKGROUND**

On October 3, 2013, Defendants filed a Motion for Summary Judgment. (Doc. No. 108.)  Attached to that motion were documents that contain "confidential and proprietary information," which Defendants "inadvertently filed publicly rather than under seal." (Greenfield Decl., Doc. No. 113.)  Defendants now seek a retroactive order from this Court to seal those portions (the "Confidential Materials").  In addition, Plaintiff's Opposition to Summary Judgment was due by November 12, 2013.  Plaintiff has lodged the Opposition with the Court and it will be filed and docketed after the issuance of this Order.

The Court incorporates by reference the factual and procedural background of the instant action set forth by Magistrate Judge Bernard G. Skomal's Order Determining Discovery Dispute. (Doc. No. 99.)

**II. DISCUSSION**

**A. Legal Standard**

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978).  "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure.  *See id.* at 1178–79.  In turn, the court must "conscientiously balance [] balance the competing interests" of the public and the party who seeks to keep certain judicial records secret. *Id.*  After considering these interests, if the court decides to seal certain judicial records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

1    A strong presumption of access to judicial records applies fully to dispositve

2  pleadings, including motions for summary judgment and related attachments.  Thus

3  compelling reasons must be shown to seal judicial records attached.  *See id* (internal

4  citations omitted).  Relevant factors include the "public interest in understanding the

5  judicial process and whether disclosure of the material could result in improper use..."

6  *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 659 (9th Cir. 2010)(citations omitted).

7  In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure

8  and justify sealing court records exist when such "court files might have become a

9  vehicle for improper purposes," such as the use of records to gratify private spite,

10  promote public scandal, circulate libelous statements, or release trade secrets. *Id*. (citing

11  *Nixon*, 435 U.S. at 598).

12  **B. Defendant's Motion to File Previously Filed Documents Under Seal**

13    Defendants requests that certain documents and excerpts of depositions attached

14  as exhibits to the Motion for Summary Judgment be sealed on the grounds that they

15  contain confidential and proprietary information and if disclosed, would allow Booz

16  Allen competitors access to operational and personnel information.  Defendants group

17  the documents into two sets: (1) Booz Allen employee appraisals and documents

18  describing the appraisal process and (2) deposition testimony that contain information

19  regarding Mr. Rich's appraisals, Booz Allen's internal policies and procedures, as well

20  as financial performance metrics.  Although some of the materials have already been

21  declared confidential pursuant to Discovery Protective Orders (Doc. Nos. 82 and 94), the

22  Court must make an independent review to determine if the high standard of "compelling

23  reason" has been met to warrant sealing.

24    Although these exhibits have been public since the Summary Judgment motion

25  was filed on October 3, 2013, the Court may grant relief to mitigate continuing harm if

26  warranted.

27  (1)    Booz Allen Employee Appraisals and Documents Describing Booz Allen Ap-

28  praisal Process

09cv652

1   Having reviewed the listed exhibits described as Booz Allen appraisals and

2   documents describing the appraisal process, the Court finds Exhibits 4-6 and 11-14 do

3   contain sensitive information and could be used for improper purposes by Booz Allen's

4   competitors.  The documents listed contain internal partnership evaluations, management

5   expectations and performance reviews, financial information, as well as company

6   strategies to improve employee performance and experience.  If disseminated, Defen-

7   dants argue that Booz Allen's competitors would gain access to operational and person-

8   nel information, projections and modeling, and strategic positioning vis-a-vis its

9   competitors.  Magistrate Judge Skomal's findings also inform the Court's analysis.  The

10  Magistrate Judge determined that some documents contained information, that if

11  disseminated, would allows competitors to "piece together portions of [Booz Allen's]

12  proprietary review system and employee development system."  (Doc. No. 94 at 3.)

13      On the other hand, the public would receive little benefit from the information

14  contained therein, and gain little insight into the judicial process.  Thus Defendants have

15  provided compelling reasons that outweigh the presumption of public disclosure to file

16  those exhibits under seal.

17  (2)   Deposition Testimony

18      Attached to the Motion for Summary Judgment as Exhibits 2, 7-9, and 15 are

19  deposition excerpts Defendants describe as containing "testimony regarding Mr. Rich's

20  appraisals, Booz Allen's internal policies and procedures to enhance employee perform-

21  ance, and Booz Allen's financial performance metrics."  (Greenfield Decl. Doc. No.

22  113.)  Defendants fail to describe with sufficient specificity exactly what types of

23  information each Exhibit contains, thus the Court conducts its own review.

24      Exhibit 2 is the Deposition of Dennis O. Doughty.  Testimony excepts include

25  information that is already part of the briefs as allegations and/or defenses including Mr.

26  Rich's negative performance review and details as to his retirement plans.  On page 85 of

27  the deposition, there is reference to certain Booz Allen projects that may be considered

28  sensitive information that the company would want to keep confidential from competi-

tors.  (Doc. No. 108, Ex. 2 at 69.)  To the extent that the deposition excerpts cover information regarding those projects, Defendants may redact those portions.  However, the Court finds the rest of the information to be already a part of the public records as they pertain to allegations and defenses with regards to Mr. Rich's employment contract dispute.  Defendants have not provided a sufficient justification to warrant the filing of the entirety of Exhibit 2 under seal.

Exhibit 7 is the deposition of Samuel R. Strickland and contains information as to Booz Allen's partnership track, committee representation, as well as internal policies and controls with regards to employee performance and review.  Such information may be subjected to improper use if made public.  Thus like the Court's analysis above on the internal documents, the Court also finds a compelling justification to file Exhibit 7 under seal.

Exhibit 8 is the deposition of Ralph W. Shrader.  The portions attached contain information as to Mr. Rich's performance, a vague description of partner expectations and advancement, and plans in 2007 to separate Booz Allen and sell one portion to a third party.[1]  This information is already in the public record as part of allegations and/or defenses and any possible sensitive information is too generalized and vague to be subjected to improper use by competitors.  Thus, the Court finds that Defendants have failed to provide a sufficient justification to warrant the filing of Exhibit 8 under seal.

Exhibit 9 is the deposition of Theodore Shema.  Information contained therein pertain to Booz Allen's employee review system, internal policies and standards to be used for performance evaluation, and partnership advancement.  The Court finds that such information may be subjected to improper use by competitors.  Defendants have shown a sufficient justification to warrant Exhibit 9 to be sealed.

Exhibit 15 is a one page excerpt of the deposition of John M. McConnell.  The Court is unable to characterize the information contained therein as confidential.  Indeed,

---

[1]This past strategy has been actualized and is a basis of Plaintiff's allegation that he was pushed out so that remaining partners would receive a larger profit from the sale of that portion of Booz Allen.

09cv652

the testimony relates to Mr. McConnell's leaving Booz Allen in 2007 and his communi-cations with Mr. Shrader, the Court does not find this information to be sensitive and likely subjected to improper use.  Defendants have failed to provide a sufficient justifica-tion to warrant the sealing of Exhibit 15.

**C. Parties' Joint Motion to File Documents Attached to Plaintiff's Opposition Under Seal**

According to the parties, many of the same justifications already given also pertain to the documents attached to Plaintiff's Opposition.  Indeed, there is a substantial overlap in the documents both parties have attached to their respective motions.

(1)    Booz Allen Employee Appraisals and Documents Describing Booz Allen Ap-praisal Process

For the same reasons the Court has stated above, the Court finds that the docu-ments attached as Exhibits B-E, G, I, K, M-N, P-Q warrant the filing under seal.  These documents pertain to Booz Allen's partnership evaluation, internal policies and strate-gies, financial information and partnership distribution.  Such information may be subjected to improper use by Booz Allen competitors if publicly disseminated.  The parties have adequately described and advanced compelling reasons to justify the filing of these documents under seal.

(B)    Booz Allen Strategic Business Documents and Financial Projections

After a review of the motion, the declaration in support by Sarah A. Greenfield, and the attached Exhibits, the Court finds the Exhibits attached as S and U-W also warrant the filing of under seal.  These Exhibits contain sensitive information on major Booz Allen business projects, including military initiatives, investments and develop-ments of specific markets, revenue projections, and strategic priorities.

The Court finds that the materials could be used for improper purposes by including the release of business strategies and secrets.  Such information may be utilized by business competitors seeking to gain an advantage by circumventing the time

09cv652

and resources necessary to develop their own business strategies and models.  Thus the parties have shown compelling reasons that outweigh the public's interest in disclosure.

(C)  <u>Deposition Testimony</u>

The parties again fail to describe with sufficient specificity as to what type of information is contained in each of the attached exhibits.  The Court must again independently review the attached documents.

Plaintiff's Exhibit F overlaps in large part with Defendants' Exhibit 2, the Exhibit is excerpts of Dennis O. Doughty's deposition.  Again, the Court finds that in large part, information revealed is already a part of the public record as they pertain to the parties allegations and/or defenses.  There are mentions of specific Booz Allen projects, and to the extent that the testimony relate to those projects, the parties may redact those provisions.   On page 112 of the deposition transcript, the testimony goes into information with regards to Booz Allen's internal review system of personnel appraisals.  The Court finds that this information does qualify as sensitive and may be used by competitors to piece together portions of Booz Allen's proprietary review and employee development system.  Thus, the parties may redact those provisions as well.

Plaintiff's Exhibit J overlaps with Defendants' Exhibit 7, excerpts of Samuel R. Strickland's deposition and contains substantially the same information as well as information on Booz Allen compensation policies.  Like the Court's analysis with regards to Defendants' Exhibit 7, the Court finds that the parties have shown a compelling justification to warrant the filing of this Exhibit under Seal.

Plaintiff's Exhibit H overlaps with Defendants' Exhibit 8, although the excerpts of Ralph W. Shrader's deposition provided by Plaintiff are substantially different from the excerpts provided by Defendants.  The provisions the parties wish to seal in Plaintiff's Opposition do contain sensitive personnel information as well as internal partnership track policies.  Such information could be used for improper purposes by Booz Allen competitors and thus the parties have shown a compelling justification to warrant the filing of these excerpts under seal.

09cv652

Plaintiff's Exhibit O overlaps with Defendants' Exhibit 9, excerpts of Theodore Shema's deposition and contains substantially the same information.  Information contained therein pertain to Booz Allen's employee review system, internal policies and standards to be used for performance evaluation, and partnership advancement.  The Court finds that such information may be subjected to improper use by competitors.  Thus, as with Defendants' Motion, the Court also finds a substantial justification to warrant the filing of Exhibit O under seal.

## III. CONCLUSION

For the aforementioned reasons, the Court hereby:

1. GRANTS Defendants' Motion to File Under Seal the Booz Allen Appraisals and Documents Describing Booz Allen Appraisal Process Exhibits. (Defendants' Exhibits: 4, 5, 6, 10, 11, 12, 13, and 14).

2. GRANTS Defendants' Motion to File Under Seal deposition testimony attached as Defendants' Exhibits 7 and 9.

3. DENIES Defendant's Motion to File Under Seal deposition testimony attached as Defendants' Exhibits 2, 6 and 15.  However, Defendants may redact portions of Exhibit 2 as they pertain to Booz Allen projects as explained above.

4. GRANTS the Joint Motion to File Under Seal the Booz Allen Appraisals and Documents Describing Booz Allen's Appraisal Process Exhibits. (Plaintiff's Exhibits: B, C, D, E, G, I, K, M, N, P, and Q).

5. GRANTS the Joint Motion to File Under Seal Booz Allen Strategic Business Documents and Financial Projections. (Plaintiff's Exhibits: S, U, V, and W).

6. GRANTS the Joint Motion to File Under Seal deposition testimony attached as Plaintiff's Exhibits J, H, and O.

7. DENIES the Joint Motion to File Under Seal deposition testimony attached as Plaintiff's Exhibit F.  However, Plaintiff may redact those portions pertaining to Booz

//

//

1   Allen projects and internal review processes as explained above.

2          The parties are directed to prepare a redacted version of their briefs, pursuant to

3   the Court's Order, to be filed and made available publicly. The Clerk of Court is directed

4   to seal Defendants' Motion for Summary Judgment, (Doc. No. 108) and file Plaintiff's

5   Opposition under seal.

6

7   IT IS SO ORDERED.

8

9   DATED:  November 13, 2013

10                                                              _____
                                                                Hon. Anthony J. Battaglia
11                                                              U.S. District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

09cv652