UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOSTER RICH,<br><br>　　　　　Plaintiff,<br>v.<br><br>RALPH W. SHRADER, et al.,<br><br>　　　　　Defendants. | Civil No. 09cv652 AJB (BGS)<br><br>ORDER:<br><br>GRANTING DEFENDANTS' MOTION TO FILE UNDER SEAL<br><br>[Doc. No. 119] |

　　　Before the Court is Defendants' Motion to Seal Confidential Information Contained or Attached to Defendants' Reply in Support of their Motion for Summary Judgment. (Doc. No. 119.) The Court has already granted the parties motions to seal in regards to Defendants' Motion for Summary and Plaintiff's Opposition. (Doc. No. 116.) In the instant motion, Defendants' seek to seal the same information and documents the Court has already permitted Defendants' to file under seal in the previous Order. For the reasons stated, the Court GRANTS Defendants' Motion.

**I. DISCUSSION**

**A. Legal Standard**

　　　Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner*

*Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure. *See id.* at 1178–79. In turn, the court must "conscientiously balance [] balance the competing interests" of the public and the party who seeks to keep certain judicial records secret. *Id.* After considering these interests, if the court decides to seal certain judicial records, it must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

A strong presumption of access to judicial records applies fully to dispositve pleadings, including motions for summary judgment and related attachments. Thus compelling reasons must be shown to seal judicial records attached. *See id* (internal citations omitted). Relevant factors include the "public interest in understanding the judicial process and whether disclosure of the material could result in improper use..." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 659 (9th Cir. 2010)(citations omitted). In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Id.* (citing *Nixon*, 435 U.S. at 598).

**B. Defendant's Motion**

Defendants request that certain portions of their Reply Memorandum and exhibits be filed under seal on the grounds that they contain sensitive business information that may be subject to improper use by Booz Allen's competitors if publically disseminated.

Defendants have provided the Court with a description of what the specific items sought to be sealed.

(1)     <u>Confidential Materials in the Reply Memorandum</u>

Having reviewed the listed items described as confidential materials to be discussed in the Reply Memorandum, the Court finds the information to warrant sealing. The information discussed contain internal partnership evaluations, management expectations and performance reviews, financial information, as well as company strategies to improve employee performance and experience.  If disseminated, Defendants argue that Booz Allen's competitors would gain access to operational and personnel information, projections and modeling, and strategic positioning vis-a-vis its competitors.

On the other hand, the public would receive little benefit from the information contained therein, and gain little insight into the judicial process.  Thus Defendants have provided compelling reasons that outweigh the presumption of public disclosure to file those specific portions under seal.

(2)     <u>Exhibits Filed with Defendants' Declaration</u>

Exhibits 16 and 17 to be attached with Defendants' Declaration contain additional excerpts from deposition testimony discussing Booz Allen's employee review system, internal policies, employment standards, and partnership advancement.  Defendants have provided a detailed description of the limited contents they seek to seal.  The Court has previously found such information to warrant filing under seal as they may be subject to improper use by Booz Allen competitors if publically disseminated.

The Court again concludes that Defendants have met their burden to justify their request and the public would receive little benefit from the information sought to be sealed.  Defendants have shown compelling reasons that outweigh the presumption of public disclosure.

//

//

## II. CONCLUSION

For the aforementioned reasons, the Court GRANTS Defendants' Motion. Defendant is directed to prepare a public redacted version of their brief, to be filed along with their sealed brief. The Clerk of Court is directed to seal Defendants' Reply in Support of their Motion for Summary Judgment.

IT IS SO ORDERED.

DATED: November 26, 2013

_____
Hon. Anthony J. Battaglia
U.S. District Judge